Jorge Armando DIAZ, Plaintiff–Appellant,

v.

K.W. PRUNTY, Undersecretary; et al., Defendants–Appellees.

No. 09–16352.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed Dec. 22, 2010.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

### MEMORANDUM **

California state prisoner Jorge Armando Diaz appeals pro se from the district court's judgment dismissing with prejudice Diaz's 42 U.S.C. § 1983 action claiming that the grievance process used by the California Department of Corrections and Rehabilitation ("CDCR") deprived him of his First and Fourteenth Amendment right to access the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision to dismiss for failure to state a claim under the Prison Litigation Reform Act, *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir.2009), and we affirm.

Diaz contends that the CDCR's process violated his right to access the courts because a CDCR appeals coordinator rejected as untimely Diaz's grievance concerning certain searches for contraband. As a result, Diaz was unable to properly exhaust his administrative remedies, leading to the dismissal of a previous federal action challenging the searches. In order to allege a cognizable claim, Diaz must plead, among other things, that prison officials caused his inability to access the courts. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.1991). Diaz admits that the only cause of his failure to file a timely grievance was a delay in obtaining evidence. However, Diaz was not required to submit

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence with his grievance. *See* Cal.Code Regs., tit. 15, § 3084.2(a). CDCR officials thus did not cause his inability to exhaust, and Diaz cannot show that the CDCR proximately caused any denial of access he may have suffered.

**AFFIRMED.**